■ In the Matter of BERNADETTE KRONIN, Doing Business as THE COMMUNITY JOURNAL, Petitioner, v STATE OF NEW YORK, DEPARTMENT OF LABOR, INDUSTRIAL BOARD OF APPEALS, Respondent.—In this CPLR article 78 proceeding, which was

transferred, pursuant to CPLR 7804 (g), to this court, by order of the Supreme Court, New York County (Alfred M. Ascione, J.), entered July 16, 1986, the determination, dated and filed April 10, 1986, of the respondent State of New York, Department of Labor, Industrial Board of Appeals, which affirmed an order of the State of New York Commissioner of Labor (Commissioner), dated May 17, 1985, which requires petitioner to comply with this State's Minimum Wage Law and to pay employee Ms. Jeanette C. Johnson (Ms. Johnson) $1,522.93, is unanimously annulled, on the law and on the facts, order to comply of the Commissioner vacated, and the petition is granted to the extent of remanding the matter to respondent for a new hearing on the issue of the number of hours actually worked by Ms. Johnson, while employed by The Community Journal, and directing Ms. Johnson to appear as a witness at such hearing, without costs.

In January 1982, Ms. Bernadette Kronin (Ms. Kronin), publisher/editor of The Community Journal (Journal), hired Ms. Jeanette C. Johnson (Ms. Johnson) to work three days of week—Monday, Thursday and Friday—in the Journal's office, which was located at Dogwood Drive and Route 25A, in Wading River, New York. The Journal was a small community tabloid, which provided local news to certain counties in Long Island, New York. It is undisputed that the Journal employed Ms. Johnson, as a general office worker, from January 21, 1982 to June 10, 1983.

By letter, dated March 9, 1983, Ms. Johnson complained, to the State of New York, Department of Labor, Division of Labor Standards (Division), that the Journal had violated the State of New York Minimum Wage Law (Labor Law § 652).

In response to Ms. Johnson's complaint, the Division held three compliance conferences on August 21, 1984, October 2, 1984, and February 19, 1985. Each one of these conferences was attended by Ms. Kronin, on behalf of the employer, and, in substance, she admitted that the employer did not maintain any time records concerning Ms. Johnson, who allegedly worked flexible hours during her period of employment. Although complainant Ms. Johnson did not appear at any of the conferences, the Commissioner of Labor (Commissioner) found that the employer had violated the Minimum Wage Law, during the course of Ms. Johnson's employment, and the Commissioner issued an order to comply, dated May 17, 1985, to Ms. Kronin, doing business as Journal, which directed the payment to employee Ms. Johnson of wages, due and owing,

together with interest and a civil penalty, in the total amount of $1,522.93.

On July 19, 1985, Ms. Kronin, doing business as Journal, filed a timely petition, to review the reasonableness of the Commissioner's order to comply, with the State of New York, Department of Labor, Industrial Board of Appeals (Industrial Board). Subsequently, the Industrial Board held a hearing on November 12, 1985, which complainant Ms. Johnson also did not attend. However, at this hearing, Ms. Kronin testified, in pertinent part, that, since Ms. Johnson worked flexible hours, Ms. Johnson often arrived late, left early, and performed independent contractor work for others, while she was in the Journal office, and, therefore, the employer possessed no exact information as to the actual number of hours Ms. Johnson worked. Following this hearing, by determination, dated and filed April 10, 1986, the Industrial Board affirmed the Commissioner's order to comply, and denied the petition.

Thereafter, the petitioner, Ms. Kronin, doing business as Journal, instituted the instant transferred CPLR article 78 proceeding to challenge the determination of the respondent Industrial Board.

Upon the basis of our review of the record before us, we find that both the Commissioner's order to comply and the determination of the Industrial Board are arbitrary and capricious decisions, which are "without a rational foundation" (Matter of Dean Witter Reynolds v Ross, 75 AD2d 373, 382 [1st Dept 1980]), since there is absolutely no evidence in the record which indicates exactly how many hours Ms. Johnson actually worked for the Journal during the period in issue. In view of the fact that no time records were kept for Ms. Johnson, and the position of the employer that its arrangement with Ms. Johnson was that she worked an unspecified number of flexible hours, we find that the testimony of Ms. Johnson is essential to establish the exact number of hours she worked, which were subject to the Minimum Wage Law.

Accordingly, we annul the determination of the Industrial Board, vacate the order to comply of the Commissioner, remand this matter for a new hearing, and direct that Ms. Johnson appear as a witness at such hearing. Concur—Kupferman, J. P., Ross, Kassal, Rosenberger and Wallach, JJ.